In re Lawrence Allen SWANSON, fdba Larry's Floor Covering, a sole proprietorship, and Linda Lee Swanson, Debtors.

James A. CRAIG, Trustee, Plaintiff,

v.

UNITED NATIONAL BANK, Defendant.

Bankruptcy No. 481–00113.
Adv. No. 481–0201.

United States Bankruptcy Court, D. South Dakota.

Jan. 11, 1982.

James A. Craig, pro se.

**186**

Dorothy, Craig, Palmer & Harris, Sioux Falls, S. D., for plaintiff.

John E. Burke, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The Court has reconsidered the matter pursuant to Motion of Trustee and has again examined the provisions of South Dakota law and the Supplemental Affidavits of Trustee and Defendant.

S.D.C.L. 32–20A–15 clearly states snowmobiles are not contemplated by the provisions of Chapter 32–3 except as that Chapter relates to title registration, annual registration, and license plates. If our legislature intended further exception of lien notation, they should have provided it. This Court will not perform a legislative function.

The three requirements made applicable to snowmobiles, excepting out the rest of 32–3 by strict interpretation, obviously are designed to provide police, regulatory, and identification of snowmobiles and their owners and operators, similar to the need for that information respecting automobiles, trailers, boats, trucks, and trailer houses.

The South Dakota courts have repeatedly held that lien laws are an artificial creature of commerce and must be strictly construed.

In this case, this Court's strict construction applies to the benefit of the claimed lienholder rather than, as usual, to the detriment of those claiming the lien. Defendant Bank, therefore, has technically perfected its security in this instance in the only method recognized by a strict application of the South Dakota statutes by filing a financing statement in connection with the taking of a security agreement, treating the property as consumer goods.

Counsel for Defendant Bank is directed to provide the Court with the Supplemental Order denying reconsideration.